IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOMECARE RX, INC., | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.  ADC-22-2183 |
| | * | |
| HEATHER WRIGHT, and | * | |
| AARON LEE WRIGHT | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff HomeCare RX, Inc., ("HomeCare") filed its complaint for breach of contract, quantum meruit, and unjust enrichment. ECF No. 1. Plaintiff claims that Defendant Heather Wright entered into an agreement for medical infusion services, received payments from her insurer, and failed to forward payment to HomeCare pursuant to the written agreement. Plaintiff now moves this Court for summary judgment. ECF No. 28. Defendants who are proceeding *pro se* have filed a response in opposition, which the Court has construed as a response in opposition to summary judgment and cross-motion for summary judgment. ECF No. 35. Plaintiff did not reply.

After considering Plaintiff's motion and Defendants' response thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md.2021). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds there are no genuine issues of material fact in dispute in Plaintiff's complaint. For the reasons stated herein, the Court GRANTS Plaintiff's Motion for Summary Judgment as to Count I (ECF No. 28) as to Heather Wright. The Court DISMISSES as MOOT Counts II and III as to Heather Wright.

The Court further GRANTS the cross-motion for summary judgment in favor of Defendant Aaron Lee Wright and DISMISSES all counts against Defendant Aaron Lee Wright.

### FACTUAL BACKGROUND

HomeCare RX is a New Jersey Company engaged in the business of providing specialty infusion therapy to patients with complex conditions. ECF No. 1 at ¶1. Defendants Heather and Aaron Lee Wright are residents of Maryland. *Id.* ¶2. On or about December 9, 2019, Heather Wright signed a Benefit Notification/Assignment of Benefit ("AOB") form obligating her to forward to HomeCare any payments made from her insurer (CareFirst) related to HomeCare's services.[1] *Id.* ¶4. Heather Wright received payments for infusion services from her insurer CareFirst totaling $187,308.00. *Id.* ¶7. Heather Wright acknowledged receipt of the payments but, despite Plaintiff's efforts to have her forward those payments, she failed to do so. *Id.* ¶¶9-10. As a result, HomeCare suffered damages in the amount of $187,308.00. *Id.* ¶11.

Plaintiff filed this complaint alleging Breach of Contract (Count I) by Heather Wright. Plaintiff also alleged a Quantum Meruit claim (Count II mismarked as Count III) against both Defendants, and Unjust Enrichment (Count III, mismarked as Count IV) against both Defendants.

### DISCUSSION

#### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual

---

[1] Plaintiff alleges the form obligated "the Wrights" to forward payments made to "them" by the insurer. This is clearly incorrect since the form only obligated Heather Wright to forward payments she received. ECF No. 1-1.

dispute will defeat a motion for summary judgment but rather, there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The party seeking summary judgment bears the initial burden of either establishing that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

### B. Plaintiff's Motion for Summary Judgment

#### 1. Breach of Contract Claim.

Plaintiff brought this diversity action here in Federal Court in the District of Maryland. In a diversity case a federal court must apply the conflict of law rules of the state in which it

3

sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). The contract in question was executed in Maryland. ECF No. 28-1. The well-settled rule in Maryland is that the law of the place of contracting governs questions relating to the validity, effect, and interpretation of a contract. *Macke Laundry Serv., Ltd. P'ship v. Alleco Inc.*, 743 F.Supp. 382, 384 n.1 (D.Md. 1989) (citing *Scott v. First Nat'l Bank of Balt.*, 224 Md. 462, 465 (1961)). The Court will therefore apply Maryland law.

In order to state a claim for breach of contract, a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff and a material breach of that obligation by the defendant. *See RRC Northeast, LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (2010) ("To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.") (quoting *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001)).

The Defendants are proceeding *pro se*. They collectively filed their Response in Opposition to Summary Judgment. ECF No. 35. Pleadings must be construed to do justice. Fed. R. Civ. P. 8(e). A document filed *pro se* is "to be liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In their Response in Opposition, Defendant Heather Wright presents no argument to overcome Summary Judgment with respect to Count I, breach of contract. "We the Defendants ask the court to deny this motion for summary judgment on the grounds that the Plaintiff has presented no case against one defendant Aaron Lee Wright." ECF No. 35 at 2. The Defendants repeat this refrain:

4

> The Plaintiff has unjustly included Aaron Lee Wright as defendant in this case. The defendants ask that the court recognize that the moving party has in fact not met its burden of presenting sufficient evidence to seek a judgment against Mr. Wright in this case. . . .
>
> However, most importantly, this document has nothing to do with the defendant Aaron Lee Wright. It was not signed by Mr. Wright and simply being a member of the same insurance plan does not make Mr. Wright liable or a party to this breach of contract claim. Aaron Lee Wright did not engage in any contractual obligations with HomeCare Rx and Aaron Lee Wright received no benefit from Carefirst with regard to this treatment or in any instance connected to HomeCare Rx.

*Id.* In reviewing the *pro se* pleadings, the Court construes Defendants' Response as a Response in Opposition to Summary Judgment and Cross-Motion for Summary Judgment. *Erickson,* 551 U.S. at 94. "In the case of cross-motions for summary judgment, the court views each motion 'in a light most favorable to the non-movant.'" *M.K. v. Starr*, 185 F.Supp.3d 679, 689 (D.Md. 2016) (quoting *M.L. ex rel Leiman v. Starr*, 121 F.Supp.3d 466, 475 (D.Md. 2015)).

Turning first to Plaintiff's claim, Plaintiff clearly alleges the existence of a contractual obligation owed by the defendant to the plaintiff, ECF No. 28-2, and a material breach of that obligation by the defendant, ECF No. 28-3. Defendant Heather Wright does not dispute that she received services, received payment from CareFirst, but failed to forward payment to Plaintiff. ECF No. 35. Defendant Heather Wright only disputes the liability of Aaron Lee Wright, her husband. The Benefit Notification/AOB, ECF No. 28-2, requires Heather Wright to forward her insurance payment from CareFirst for the infusion services to Plaintiff. She did not. ECF No. 28-3. Heather Wright breached the contract with Plaintiff by failing to forward the payments to Plaintiff. The Court GRANTS summary judgment as to Count I in favor of Plaintiff as to Heather Wright and awards Plaintiff $187,308.00, consistent with the Affidavit of Charles Hearn. ECF No. 28-3.

The Court further GRANTS summary judgment in favor of Defendant Aaron Lee Wright. The Complaint contains no allegations against Mr. Wright other than Plaintiff's unsupported

referral to the Defendants repeatedly in the plural (¶¶ 4,6,7,8,9,10,11, et al., … "the Wrights"). There is no privity of contract between Plaintiff and Mr. Wright. There is no conduct alleged whereby Mr. Wright benefitted in any way from the contract. Plaintiff does not allege any funds were received or enjoyed by Mr. Wright. *See, generally* ECF No. 1. The claims of quantum meruit and unjust enrichment against Mr. Wright likewise fail and are therefore DISMISSED.

With respect to the remaining common law claims, there is no need for the Court to reach the quantum meruit or unjust enrichment claim as to Heather Wright because, as a general matter, "Maryland Courts do not recognize quasi-contract claims such as quantum meruit or unjust enrichment 'when an express contract defining the rights and remedies of the parties exists.'" *State Constr. Corp. v. Sloan Ass'n, Inc.*, 385 F.Supp.3d 449, 467 n.9 (D.Md. 2019) (quoting *United States ex rel. Tusco, Inc. v. Clark Constr. Grp., LLC*, 235 F.Supp.3d 745, 755 (D.Md. 2016)).

<u>CONCLUSION</u>

For the reasons stated herein, the Court finds that, based upon the evidence presented in the Complaint, and the failure to provide any defense by Heather Wright, there are no genuine issues of material fact as to whether Defendant Heather Wright breached the contract. The Court therefore GRANTS Plaintiff's Motion for Summary Judgment as to Count I as to Heather Wright.

The Court finds there are no genuine issues of material fact as to the cross-motion for Summary Judgment filed by Defendant Aaron Lee Wright. The Court therefore GRANTS the cross-motion and DISMISSES all Counts against Defendant Aaron Lee Wright. The remaining claims of quantum meruit and unjust enrichment as to Heather Wright are DISMISSED by the Court as MOOT in light of the award of Summary Judgment as to Count I.

Therefore, the Plaintiff's Motion for Summary Judgment as to Count I is GRANTED as to Heather Wright. Counts II and III are DISMISSED as MOOT as to Heather Wright. Defendant

6

Aaron Lee Wright's cross-motion for Summary Judgment as to all Counts is GRANTED. A separate order will follow.

Date: 27 March 2023

A. David Copperthite
United States Magistrate Judge